**DeNaro v. Maslofsky**

*Michael J. Del Collo*, pro se.

BULLOCK, *J.*, October 10, 1979—The above case, which was assigned to this court as part of its individual calendar, was at a pretrial conference on April 30, 1979, assigned a trial date of September 17, 1979. Because of a special assignment to this court by the president judge, which made this court otherwise unavailable for the week of September 17, 1979, this court on August 27, 1979, advised counsel that the case had been continued until October 8, 1979. All counsel at the pretrial conferences were advised to maintain contact with the court's law clerk shortly prior to the scheduled date.

The court received a letter dated October 3, 1979, from Lee M. Herman, Esq. advising that he no longer represented plaintiff and that Michael J. Del Collo, Esq. represented plaintiff.

On October 9, 1979, at about 10:00 a.m., no requests for a continuance having been received, the court's law clerk called Mr. Del Collo and advised him to appear for jury selection. Mr. Del Collo asked to speak to the court and advised the court that he had been in the case only since last month, that he desired to have the minor plaintiff examined further and requested a continuance. The court denied the request on the ground that the request was untimely. Although counsel seemed to be concerned that prior counsel had not withdrawn his appearance, the court made it clear that Mr. Del Collo could enter his appearance and there was no impediment to his trying the case. Counsel called a second time, and through the court's law clerk again requested a continuance. The court again denied the request and directed that counsel appear for jury selection. Counsel advised the court's law clerk that an attorney in his office was on his way to

court to commence jury selection. The court at this point expected to commence trial at least by 2:00 p.m.

At 2:00 p.m. the court checked with a court officer as to the progress of jury selection and was advised that it had not commenced. Although an attorney from Mr. Del Collo's office had appeared at court in the morning, it developed that he had advised the court officers that he was not authorized to participate in jury selection. The court thereupon went to the courtroom and requested to see counsel. Mr. Del Collo was not present and his representative, who obviously had no authority to do anything, advised the court that Mr. Del Collo was on his way and requested that the court await his appearance. Mr. Del Collo appeared at 2:20 p.m. He again requested a continuance and the court finally granted it, advising him that it did so only for the benefit of his client and that the court would consider contempt action against him.

The judges on the civil calendar are regularly, and in our view properly, urged by the calendar judge and administrative judge to be firm about granting continuances. We personally have seen many cases all of a sudden become ready for trial after a continuance was denied. It wastes the time of both other counsel and the court when an attorney applies for a continuance on the day of trial. Mr. Del Collo, in our view, had apparently a matter of weeks in which he could have sought a continuance, even if the appearance of prior counsel had not been withdrawn. (We are advised that prior counsel was suspended from the practice of law, so there was no question that a change of counsel was necessary.) In our view, Mr. Del Collo was unjustifiably dilatory. Moreover, in sending a lawyer to the courtroom without authority to participate in jury

selection after the court had directed Mr. Del Collo that jury selection was to commence forthwith, we believe Mr. Del Collo was contemptuous of the court's directive.

It is common knowledge that courts in metropolitan areas throughout the country are confronted with backlogs of cases. It is important in combatting this backlog that judicial time be most expeditiously used. Criticism for backlogs falls upon the judges. The judges, however, cannot do their job efficiently if they are obliged to waste precious trial time because scheduled cases cannot proceed on schedule as a result of untimely requests for continuances and tardiness of counsel. In the present instance, the better part of a trial day was wasted as a result of Mr. Del Collo's conduct. We dare not speculate on how much this cost the taxpayers, but we believe the sum to be considerable.

As we advised counsel, we were reluctant to dismiss the case for want of prosecution, even though there was no justification for its not being ready for trial when called, because such an action would only penalize the client for the fault of the attorney. This is particularly so where, as in this case, the principal plaintiff is a minor, who cannot even be charged with having selected counsel. The only appropriate remedy in a case such as this, we believe, is penalty imposed upon the attorney.

## ORDER

And now, October 10, 1979, Michael J. Del Collo, Esq. is adjudged in contempt of this court and is fined $250, payable no later than 5:00 p.m., October 15, 1979. In the event that he does not wish to pay this fine, Mr. Del Collo is directed to advise the

court thereof within the said time. If the court is so advised, it will refer the whole matter to the State Disciplinary Board for attorneys for such action as it deems appropriate.